**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MARTIN WARNER,

    Plaintiff,

vs.                                  Case No. 4:09cv2-RH/WCS

SHERIFF LARRY CAMPBELL,
et al.,

    Defendants.

                              /

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a third amended complaint on June 1, 2009, doc. 18. Plaintiff has also filed a notice to the clerk, doc. 19, and a motion for assistance, doc. 20. Plaintiff's motion, doc. 20, is not entirely clear but it appears that Plaintiff seeks the assistance of the Court or an attorney. The document is construed as a motion requesting the appointment of counsel and is denied for the reasons explained below. As for Plaintiff's notice, doc. 19, Plaintiff is advised that due to the number of cases filed in this Court, there is an inevitable period of delay in reviewing documents. Plaintiff's case has now been reviewed as required by 28 U.S.C. § 1915A.

This version of the complaint has been reviewed as is required by 28 U.S.C. § 1915A, and it is still deficient. Plaintiff was previously directed to explain how each named Defendant was involved in the events about which he complains, but Plaintiff has not done so. Plaintiff has named three Defendants in the third amended complaint, but he alleges only that Defendant Campbell issued a policy memorandum which prevented Plaintiff from having access to the law library at the jail. Plaintiff has not factual allegations showing any involvement or actions by the other named Defendants. That is insufficient.

Plaintiff's complaint alleges he was denied access to a law library, but Plaintiff also was represented in his criminal trial by defense counsel. That claim, as previously explained, *see* doc. 17, is not sufficient to state a constitutional claim. The lack of a law library for Plaintiff did not deprive Plaintiff of his ability to prepare his defense because Plaintiff had an attorney representing him.

Plaintiff's claim of being denied access to the law library also hinges on the First Amendment's guarantee of the right to access the courts. *See* Bounds v. Smith, 430 U.S. 827, 97 S. Ct. 1491. 52 L. Ed. 2d 72 (1977) (reaffirming the long established principle that inmates have a fundamental constitutional right of meaningful access to the courts under the First Amendment), and cases cited therein. In presenting a First Amendment claim regarding the denial of access to the courts, an inmate must also allege "actual injury." Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). To state a claim upon which relief may be granted, an inmate must show actual injury in that the conduct complained of must have frustrated or impeded the inmate's efforts *to pursue a nonfrivolous legal claim*, *Id.*, at 352-54, 116 S. Ct. at

2181 (emphasis added), and the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action. Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* Lewis, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.[1]

Here, Plaintiff alleges only that he was generally not allowed access to a law library. Plaintiff makes no showing that he had a nonfrivolous claim to pursue, either challenging a conviction or a civil rights claim.[2] This is insufficient.

Further, Plaintiff's only possible injury as alleged in this case is the fact that he was convicted after entering a plea agreement, and he was represented by a lawyer. *See* facts from second amended complaint, doc. 16, p. 9. A civil rights complaint may not seek to collaterally challenge a criminal conviction. One may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or

---

[1] "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355, 116 S. Ct. at 2182.

[2] Because Plaintiff was represented by counsel, although Plaintiff has made clear his dissatisfaction with the performance of his attorney, Plaintiff does not have a viable claim simply in wanting to access the law library merely to assist with his defense. The Supreme Court has left open a variety of methods to provide access, and the question of whether an inmate or pretrial detainee must have access to a law library to defend against criminal charges when represented by counsel is a question that needs not be answered at this time. 518 U.S. at 351-52, 116 S.Ct. at 2180, *citing* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

sentence until the plaintiff can show that the conviction or sentence has been invalidated).  In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372.  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  Heck, 512 U.S. at 487, 114 S.Ct. at 2372.

    Plaintiff has attempted to bring a Fourteenth Amendment equal protection claim as well.  However, Plaintiff fails to allege that any other similarly situated inmates were given access to the law library and Plaintiff was not.  An inmate is not similarly situated when the inmate is representing himself and did not have counsel to provide a defense to criminal charges.  This claim is insufficient and must also be dismissed.

    For all of these reasons, the allegations are insufficient to state a claim upon which relief may be granted.  No further opportunities to submit an amended complaint should be provided.

**ORDER**

Accordingly, it is **ORDERED** that Plaintiff's motion for assistance, doc. 20, construed as a motion for the appointment of counsel, is **DENIED.**

**REPORT AND RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 18, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 9, 2009.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**